ENGLAND, Justice.
The Florida Bar brought a disciplinary action against G.B.T., resulting in a referee’s report recommending a six-month suspension from the practice of law, payment of the proceedings’ costs, and his making restitution to his client. Both The Florida Bar and G.B.T. have asked us to review the report of the referee.
*358 The Bar’s complaint alleged two counts of professional misconduct, only the first of which had evolved from a probable cause determination of a bar grievance committee. The first count alleged a violation of Disciplinary Rule 6-101(A)(3), charging neglect of a legal matter entrusted to counsel. The second count was dismissed by the referee on G.B.T.’s motion.
With regard to the first count, we have carefully reviewed the record and approve that portion of the referee’s findings which concludes that G.B.T., by failing for six months to deliver to his client a status report and by refusing to respond to his client’s inquiries regarding an unemployment claim he was hired to pursue, neglected a matter entrusted to him and thereby violated Disciplinary Rule 6-101(A)(3). This finding was subject to conflicting, but substantial and competent evidence. We disapprove, however, that portion of the referee’s findings which concludes the statute of limitations had expired on his client’s unemployment claim as a result of G.B.T.’s failure to file suit. The record is uncontro-verted that the time for filing the client’s claim for unemployment insurance had elapsed prior to the date upon which G.B.T. was retained for legal services.
With regard to the second count, dismissed on the ground that there was no probable cause found by the grievance committee, we affirm the referee’s ruling. Nowhere in the Florida Integration Rule is bar counsel empowered to charge an ethical violation without a finding of probable cause by either the grievance committee or the Board of Governors of The Florida Bar. On the contrary, the Integration Rule provides mechanisms by which bar counsel can proceed if he deems the finding of the grievance committee technically deficient, article XI, Rule 11.04(6)(b), or if he chooses to recommend to the Board of Governors that it make a finding of probable cause against the attorney, article XI, Rule 11.05(2).
A six months suspension from the practice of law for G.B.T.’s neglect of one legal matter, a technical violation of Disciplinary Rule 6-101(A)(3), is excessive. G.B.T. has had no prior occasions of misconduct. A reprimand is the most that is appropriate, and we hereby reprimand G.B.T. for neglect of his client’s affairs and his failure to communicate. Costs in the amount of $355.00 shall be divided equally between G.B.T. and the bar.
It is so ordered.
ADKINS, Acting C.J., and BOYD, ALDERMAN and McDONALD, JJ., concur.